UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JANICE CLARK,                                                          08-1418-TC

                Plaintiff,

      v.                                                         FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner Social
Security Administration,

                Defendant.

COFFIN, Magistrate Judge:

    Plaintiff Janice Clark (Clark) seeks judicial review of the Social Security Commissioner's final decision denying her claims for Social Security Disability (SSD) and Supplemental Security Income (SSI) pursuant to the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision should be REVERSED and REMANDED for the reasons below.

///

///

Page 1 - FINDINGS AND RECOMMENDATION

## Background

Born in 1963, Clark has an eleventh grade education. (Tr. 43-45, 145).[1] She has worked as a food handler, hostess, packer, sorter, and waitress. (Tr. 149). Clark filed applications for SSD and SSI on November 22, 2004, alleging disability since January 15, 2004 due to combined impairments of chronic severe asthma, vitiligo, hip-joint pain, and affective/mood disorders. (Tr. 43-45, 79-81, 230-39).

Clark's applications were denied initially and upon reconsideration. On October 17, 2007, Administrative Law Judge (ALJ) Riley J. Atkins, held an administrative hearing. On November 14, 2007 the ALJ issued a decision finding that Clark was disabled from January 15, 2004 through September 1, 2006, and thus qualified for benefits during this time period. (Tr. 26). The ALJ found, however, that Clark was disabled only through September 1, 2006. (Tr. 26-27). Clark requested a review of the decision finding her no longer disabled. On October 3, 2008, the Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 6). Clark seeks review of the finding that she is no longer disabled as of September 2, 2006.

## Disability Analysis

The Commissioner has established a procedure for evaluating disability claims. At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled; if not the ALJ proceeds to step two. 20 C.F.R. § 404.1520(b). At step two, the ALJ determines whether the claimant has one or more severe impairments. If not, the claimant is not disabled; if so, the ALJ proceeds to step three. 20 C.F.R. § 404.1520(c). At step three, the

---

[1] Citations to "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on March 30, 2009. (Dkt. #13).

Page 2 - FINDINGS AND RECOMMENDATION

ALJ determines whether the claimant's impairment meets or equals one of the Listings at 20 C.F.R. § Part 404, Subpart P, Appendix 1. If so, the claimant is disabled; if not, the ALJ proceeds to step four. 20 C.F.R. § 404.1520(d). At step four, the ALJ determines whether the claimant can perform work he or she has done in the past. If so, the claimant is not disabled; if not, the ALJ proceeds to step five. 20 C.F.R. § 404.1520(f). At step five, the ALJ determines whether the claimant is able to do any other work. If not, the claimant is disabled; if so, the ALJ bears the burden of showing that a significant number of jobs exist in the national economy that the claimant can do. If the ALJ cannot meet this burden, then the claimant is disabled. 20 C.F.R. § 404.1520(g)(1).

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding

Page 3 - FINDINGS AND RECOMMENDATION

of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

In her opening brief, Clark contends that the ALJ erred by: concluding that her hip pain was not a severe impairment at step two of the disability analysis and failing to incorporate the functional limitations resulting from her hip pain in the residual functional capacity analysis; failing to properly credit her treating physician's opinion; failing to properly credit lay witness statements; and by failing to properly credit Clark's own testimony. In her reply, Clark argues that the ALJ erred at step four by failing to consider her hip pain in the residual functional capacity analysis.[2] The Commissioner concedes that the ALJ failed to properly analyze the lay witness statements, but argues that this court should find that this error was harmless.

A.   Clark's Hip Pain

At step two of the disability analysis, the ALJ found that Clark had at least one severe impairment: asthma. Thus, the ALJ resolved step two in Clark's favor and moved on to step three. Clark argues, however, that the ALJ erred at step two by concluding that her hip pain was not a severe impairment. The Commissioner contends that because the ALJ resolved step two in Clark's favor–finding at least one severe impairment, that the ALJ's finding that Clark's hip pain was not a severe impairment is irrelevant. Specifically, the Commissioner argues that a finding at step two that Clark's hip pain was not a severe impairment does not impact the ALJ's residual functional capacity

---

[2]Clark originally argued that the residual functional capacity analysis was flawed as part of her argument that the ALJ erred in step two of the evaluation process. (Dkt. #23 at 10).

Page 4 - FINDINGS AND RECOMMENDATION

(RFC) finding because step two and the RFC finding are two totally separate analyses in the evaluation process.

"[A]t the second step of [the] sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments 'of such severity' as to be the basis of a finding of inability to engage in any [substantial gainful employment]." SSA 85-28. Put simply, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.1996) (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)). Here, the ALJ found that prior to September 1, 2006, Clark had the severe impairment of asthma. (Tr. 21). The ALJ noted that plaintiff had been treated for other symptoms and complaints, including joint pain, but that "these impairments do not constitute severe medically determinable impairments." (Tr. 21). The ALJ found that after September 1, 2006, the "record fails to reflect asthmatic bronchitis or an asthmatic attack. Therefore, the claimant's medical history does not contain the clinical or diagnostic findings necessary to meet or medically equal the criteria of Listing 3.03 (Asthma) or any other section of Appendix I." (Tr. 23). The ALJ did not consider Clark's hip pain symptoms in the evaluation of severe impairments post-September 2006, nor did the ALJ consider the hip pain's effects throughout the rest of the sequential evaluation.

The medical evidence shows that Clark has consistently complained of, and received, treatment for hip pain. In December 2004, Clark reported significant pain and difficulty bearing weight with her right hip. (Tr. 359). An x-ray revealed mild degenerative changes. A May 2005 MRI revealed mild hip joint effusions. In December 2005, Kamaljit Atwal, M.D. observed Clark had difficulty walking. (Tr. 486). In September 2006, Dr. Atwal diagnosed Clark with bursitis of the hip. (Tr. 479). In February 2007, Clark tried corticosteroid shots but continued to have pain

Page 5 - FINDINGS AND RECOMMENDATION

radiating down her right side; her physician noted decreased range of motion of the right hip. (TR. 475). In June 2007, Clark reported that her hip pain interrupted her sleep. (Tr. 471). In an October 2007 questionnaire, Dr. Atwal opined that Clark had to lie down two to three times a day due to her hip pain. (Tr. 505).

Despite evidence in the medical record of consistent treatment for hip pain, the ALJ failed to consider the effect of Clark's hip pain in steps three, four, and five of his disability evaluation. Accordingly, I cannot find that the ALJ's error in evaluating Clark's hip pain was harmless. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (stating that an ALJ commits harmless error at most if he neglects to list an impairment at step two but proceeds to analyze the impairments effects in his subsequent analysis). I recommend that this court not sustain the ALJ's analysis at step two of the disability evaluation.

B.  Medical Source Statements

Clark argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Atwal. Generally, a treating physician's testimony is given more weight than that of an evaluating or reviewing physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir 1995). An ALJ must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of a treating physician. Id. Likewise, the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. Id. The ALJ is responsible for resolving conflicts and ambiguities in the medical testimony. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir 1989). The ALJ gave "little weight" to a medical source statement from Dr. Atwal, finding that "the record does not contain sufficient evidence to apply Dr. Atwal's findings beyond the closed period of disability." (Tr. 25). The ALJ stated that the record indicated that Clark's symptoms had improved since her last asthma

Page 6 - FINDINGS AND RECOMMENDATION

attack in March 2006 and that Clark performed activities of daily living such as cooking and cleaning. (Tr. 25).

A physician's notes must be supported by adequate notes, records, or clinical findings. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Atwal's clinical notes reveal that, post-September 2006, Dr. Atwal continually diagnosed Clark's asthma as brittle and has noted that she has no warning when she will have an asthma attack. (Tr. 351, 359, 470, 478). On September 11, 2006, Dr. Atwal noted that Clark used her nebulizer rescue medicine anywhere from 2-6 times a day or sometimes even at night. (Tr. 479). Medical records show that, while Clark has responded well to her current medicines, her asthma attacks are precipitated by a variety of uncontrollable factors, including stress, weather, allergens, and cold air/weather changes. (Tr. 594). Dr. Atwal's notes suggest that Clark continued to suffer limitations due to her asthma post-September 2006. Moreover, a claimant "need not vegetate in a dark room" to be found disabled." Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (internal quotation marks and citation omitted). I find that the ALJ failed to articulate detailed and legitimate reasons for giving little weight to Dr. Atwal's findings. I recommend that this court not sustain the ALJ's analysis of Dr. Atwal's opinion.

C.  Lay Witness Statements

The ALJ summarily dismissed lay witness statements from Clark's friends Brian Shaw and Rudy Leech based solely upon the witnesses' relationship with Clark. The Commissioner concedes that the ALJ erred his evaluation of the lay witness testimony, but urges the court to find that the error was harmless.

Lay testimony "provides an important source of information about a claimant's impairments." Regennitter v. Comm'n, 166 F.3d 1294, 1298 (9th Cir. 1999). The test for determining whether an

Page 7 - FINDINGS AND RECOMMENDATION

error is harmless is whether there is a reasonable possibility that the improperly discounted evidence would have changed the outcome of the case. Robbins v. Social Sec. Admin, 466 F.3d 880, 885 (9th Cir. 2006). Here, the testimony of the lay witnesses may have corroborated Clark's testimony and/or her treating physician's opinion or provided additional information that could have affected the ALJ's determination regarding the severity of Clark's impairments and how those impairments affect her ability to work. Accordingly, I find that the ALJ's error was not harmless.

D.   Clark's Crediblity

Clark contends that the ALJ failed to give clear and convincing reasons for discrediting her testimony. "[O]nce a claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on lack of objective evidence to fully corroborate the alleged severity of pain." Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001). If there is no affirmative evidence of malingering, the ALJ may not reject a claimant's testimony regarding the severity of her symptoms without specific findings showing a clear and convincing reason for doing so. Id.

The ALJ's credibility analysis states:

> I find the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible beginning September 2, 2006.
> Since September 2006, the evidence in the record reflects the claimant's functional limitations are not as significant and limiting as has been alleged by the claimant. She testified that she is able to perform household chores such as cleaning and cooking. She is able to use public transportation in order to complete grocery shopping and household errands. Therefore, the claimant's daily activities suggest a level of functioning greater than what she has alleged in her application for disability benefits.

Page 8 - FINDINGS AND RECOMMENDATION

Tr. 24. Daily activities inconsistent with alleged disability may support a negative credibility finding, but sporadic completion of daily living activities are not equivalent to full time employment. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001). As noted above, a claimant need not "vegetate in a dark room" to be found disabled. Cooper, 815 F.2d at 561. Here, the medical record corroborates Clark's testimony that she has severe asthma and can have an asthma attack at any moment, without warning. The medical evidence also corroborates Clark's statements that she cannot be left alone or leave the house alone due to her asthma complications. Moreover, Clark's testimony revealed that she is careful not to use any cleaning products that contain perfumes or strong smells and has allergy proofed her home. (Tr. 612, 614).

For these reasons, I find that the ALJ failed to articulate substantiated clear and convincing reasons for his credibility determination. Doddrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Accordingly, I recommend that the court not sustain the ALJ's credibility determination.

## Remand

After finding that the ALJ erred in his decision denying benefits to Clark past September 1, 2006, I must determine the proper remedy. The court has discretion to remand for further proceedings or for immediate payment of benefits. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000). The issue turns on the utility of further proceedings. Id. at 1178. A remand for award of benefits is appropriate when "no useful purpose would be served by further administrative proceedings or when the record is fully developed" and the evidence is not sufficient to support the Commissioner's decision. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989) (internal citations omitted). Here, the ALJ improperly evaluated Clark's impairments, and failed to properly credit the opinion of her treating physician, lay witness testimony, and Clark's own testimony. I find that

Page 9 - FINDINGS AND RECOMMENDATION

further proceedings are necessary for the ALJ to properly consider limitations arising from the testimony of Clark, her treating physician, and the lay witnesses. I recommend that this court remand this case for further proceedings. I further recommend that the ALJ must then revise his evaluation of Clark's post-September 2006 limitations accordingly and subsequently make adequate step two findings incorporating any properly supported testimony. I also recommend that the ALJ revise the RFC analysis and, if necessary, obtaining additional vocational expert testimony regarding Clark's workplace limitations. Then, the ALJ must make adequate step four and step five findings incorporating any properly supported testimony.

## Conclusion

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 17th day of June 2010.

THOMAS M. COFFIN
United States Magistrate Judge